{¶ 47} Although I agree with the majority's conclusion that the judgment of the trial court be affirmed, I do so for reasons more limited than those of the majority, and so I concur separately.
 {¶ 48} The majority indicates the inquiry here into class certification requires a prohibited look at the merits of the action. To the contrary, determining class membership does not require the court to analyze the merits of the case, but only to determine which potential class members allege they received an unsolicited facsimile concerning "Dockside Dolls," a matter that readily could be determined with pre-certification discovery from sources other than the putative class members.
 {¶ 49} Finally, to the extent the majority suggests a class action can never be maintained for a violation of the facsimile law at issue, I disagree. Indeed, in some ways the present action is quite well-suited to a class action, as defendants' action toward the would-be class members is uniform. So, too, is the receipt issue for the class members, as the persons to whom defendants sent the facsimile transmissions also would be the recipients. Any dispute about the solicitation issue or the precise phone number and date of receipt could be resolved through pre-certification discovery. With such discovery, much of the information needed to address the factors under Civ.R. 23(B) could be obtained and used to demonstrate whether a class action is appropriate here. A class action then would allow individual facsimile recipients to pursue a remedy that otherwise would be cost prohibitive. While the potential for defendants to pay class action attorney fees on small, individual recoveries arises, that possibility perhaps is part of the legislative scheme to dissuade the conduct the statute prohibits. In any event, the legislation does *Page 22 
not preclude a class action, and I would not preclude one where pre-certification discovery revealed it to be appropriate under Civ.R. 23.
 {¶ 50} Nonetheless, because the record does not contain the information necessary to demonstrate the propriety of a class action, I concur in the majority's conclusion that the judgment of the trial court be affirmed. *Page 1